LOTTINGER, Chief Judge,
concurring.
I file this special concurring opinion because of the action of the trial court in finding as a matter of law that the transaction sued upon was not illegal at the time it occurred.
The note in question was executed on October 6, 1987, and the law in effect at that time, the Louisiana Campaign Finance Disclosure Act, La.R.S. 18:1481-1532, and in particular La.R.S. 18:1505.2(A), prohibited persons from contributing to a campaign through or in the name of another. The legislature originally established this principle as public policy in 1975 by the enactment of Act 718 of 1975. Further, a violation of the 1975 act of the legislature was a misdemeanor. And in 1987, a violation thereof carried both a civil and a criminal penalty. La.R.S. 18:1505.5 and 1505.6. Thus, it is against the law and public policy of this state for any person to “give, furnish, or contribute moneys, materials, supplies, or make loans to or in support of a candidate or to any political committee, through or in the name of another, directly or indirectly.” La.R.S. 18:1505.2(A).
The Louisiana Civil Code expressly provides that “[t]he cause of an obligation is unlawful when the enforcement of the obligation would produce a result prohibited by law or against public policy,” La.Civ.Code art. 1968; that “[pjersons may not by their juridical acts derogate from laws intended for the protection of the public interest” and “[a]ny action in derogation of such laws is an absolute nullity,” La.Civ.Code art. 7; and that “[a]n absolutely null contract ... is *139 deemed to have never existed.” La.Civ.Code art. 2038.
The jurisprudence is replete with examples of contracts against the law or void of public policy which are not enforceable. As two examples see: Henderson v. Kentwood Spring Water, Inc., 583 So.2d 1227 (La.App. 1st Cir.1991), an agreement between employer and employee to delay final paycheck declared void in violation of La.R.S. 23:631 and public policy; and Russo v. Mula, 49 So.2d 622 (La.App. 1st Cir.1950), check issued in payment of gambling debts was not collectable as in violation of La.Civ.Code art. 2983 and public policy.
The public policy of the State of Louisiana, as articulated in the Campaign Finance Disclosure Act, is to prevent the covert financing of political campaigns. If the cause of the contract between Naaman 'Eieher’s companies and the defendant was to allow Mr. Eieher’s companies to finance the campaign of Doug Green through “loans” made by individuals with funds provided to them by Mr. Eicher’s companies, then this is a clear violation of the law and public policy. As such, the entire transaction, including the note, would be an absolute nullity, void from its’ inception and, therefore, unenforceable. The legislature could have provided for the enforcement of obligations such as in this case as an added incentive not to violate the law and public policy against covert financing of political campaigns. However, the legislature apparently reasoned that both civil and criminal penalties were sufficient to discourage such activities.
Plaintiffs argument that defendant’s knowledge of the illegality of the transaction deprives her of the “clean hands” necessary to invoke the nullity of the contract is of no moment. La.Civ.Code art. 2033, third paragraph expressly provides: “Absolute nullity may be raised as a defense even by a party who, at the time of the contract was made, knew or should have known of the defect that makes the contract null.”
As I see it, if the purpose of the transaction was to circumvent the law and funnel money into the Doug Green Campaign Committee through third persons in violation of the Louisiana Campaign Finance Disclosure Act, then the promissory note as evidence of the transaction is an absolute nullity and cannot be enforced. Whether you like the result or not is not the question. Under the laws of this state, the promissory note is unenforceable.